No. 26,719.

VERNON BLEX, *Appellee*, v. FRANK L. FLACK (J. L. BARKER), *Appellant.*

SYLLABUS BY THE COURT.

1. PHYSICIANS AND SURGEONS—*Malpractice—Sufficiency of Evidence.* In an action for malpractice the evidence produced is held to support the findings and verdict that the defendant failed to exercise the care and skill required of physicians and surgeons in the treatment of the injury. in question.

2. PLEADINGS—*Considered as Amended to Conform to Evidence.* Where a pleading is defective in its allegations, and in the trial the parties submit evidence on an issue without objection and try it out as if it were fully pleaded, and the issue is submitted to and determined by the jury, the pleading will be treated as amended and the finding on the issue to be binding upon the parties.

3. PHYSICIANS AND SURGEONS—*Malpractice—Special Findings.* The special findings are held not to be inconsistent with the general verdict and not to warrant the entry of judgment for defendant.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 10, 1926. Affirmed.

*Chester Stevens,* of Independence, for the appellant.

*C. J. Bryant* and *V. R. Tomlinson,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action a recovery was sought for alleged malpractice, the plaintiff charging that defendants Dr. Frank L. Flack and Dr. J. L. Barker undertook to diagnose and treat a dislocated and injured arm of the plaintiff and failed to use due care in doing so, with the result that the arm has been permanently crippled and injured, for which damages were asked. In the trial the jury awarded damages against Flack in the sum of $5,000, but found that Doctor Barker was not chargeable with negligence nor responsibility for the injuries sustained. Flack appeals and assigns error in overruling his demurrer to plaintiff's evidence, in denying his motion to set aside two special findings made by the jury, and in refusing to render judgment in his favor upon the special findings notwithstanding the general verdict. A motion for a new trial was made by

Appeal and Error, 3 C. J. p. 967 n. 42; 4 C. J. p. 750 n. 92. Physicians and Surgeons, 30 Cyc. pp. 1587 n. 78, 1588 n. 83; 37 L. R. A. 830; 21 R. C. L. 389. Trial, 38 Cyc. p. 1929 n. 94.

Flack, which was later withdrawn, and he stands on the ruling on his demurrer and upon the motions attacking the special findings.

It appears that while plaintiff was riding in a Ford roadster the car was overturned, causing severe injuries to him. He was first taken to the office of Doctor Barker, who made an examination and said that the arm was broken and dislocated, and he found lacerations on his leg. Barker stated that he was not feeling well, and suggested that the plaintiff be taken to another doctor at Coffeyville. He was taken to the office of Doctor Flack at Coffeyville, where he was placed on a table; the arm was examined by Flack, who declared that it was broken and dislocated. After manipulating the arm for some time a crack was heard and Flack said that the arm had gone back into place. Splints were bandaged upon the arm, which was placed in a sling with the angle downward across the chest of plaintiff. The arm continued to give the plaintiff much pain, and he was examined several times by Barker, and finally he was taken back to Coffeyville, where Doctor Flack made an examination of the arm and declared that it was getting along all right. Plaintiff told Flack that a bone of the elbow was sticking out and that every time he moved the arm it cracked, but the doctor assured him that it was not any more than could be expected with a dislocation and fracture. It was suggested to Flack that an X-ray should be taken, but Flack said there was no use in it, that any man with a thumb and one finger could feel where the bone was broken, and that it was getting along all right and it would not be necessary to bring him in again. The splints were subsequently removed, when it was found that the arm was still swollen and painful. After the splints were removed, and while the plaintiff was trying to work his arm a little, as he had been advised to do, the arm fell back sideways. and continued to do so. When Doctor Barker undertook to flex the arm, plaintiff told him that it would hurt, and on another visit to Doctor Flack he advised him that the joint was getting along as well as could be expected and would have an X-ray in his office in the next few days when an X-ray of the arm would be made. The plaintiff was taken to the office of Doctor Chaney, who operated an X-ray machine, where a picture was made which showed the dislocation and fracture. Another X-ray was made by Doctor Ebright, and an effort was made to put the arm back in joint which was unsuccessful.

In the action brought it was charged that the doctors did not correctly diagnose the arm or ascertain the nature and extent of the

Blex v. Flack.

injuries, that they did not properly reduce the dislocation, but carelessly and negligently and without using ordinary skill diagnosed and treated his injuries as a fracture below the elbow and a dislocation of the elbow joint, and carelessly and negligently bound up the elbow with splints and bandages without reducing the dislocation and without placing the bones in their proper position, whereby the bones were permitted to remain in such a position that his arm became deformed, crooked, stiff, enlarged, crippled and permanently impaired, causing and will continue to cause pain and suffering.

The jury returned twenty-six special findings, finding that the dislocation of the elbow joint had been reduced, that in respect to redislocation of plaintiff's arm in the course of treatment, it was found that the plaintiff's arm was not properly dressed with splints and bandages so as to prevent a redislocation. That the defendants advised the plaintiff that the taking of an X-ray was unnecessary. That plaintiff had complained to defendants during the course of the treatment that the arm was not right. In respect to the negligence for failing to render proper care and attention to the arm, the jury found that Flack was negligent, but did not find that Barker was. It was further found that Barker when called upon to treat plaintiff advised that he would not undertake the treatment of the arm. When an X-ray was taken of the arm by the physicians in Wichita, he was advised that an open operation would aid in restoring the arm to a reasonable degree, but plaintiff did not submit to the operation. In answer to the question as to what the negligence of Flack consisted, the answer was: the jury found that Flack improperly bandaged the arm of plaintiff in a position that made the arm more liable to dislocation after splints and bandages were removed. Flack filed a motion asking the court to set aside the answers numbered 3, 8 and 26, but these motions were overruled. Afterwards the motion to set aside No. 26 was withdrawn. No. 3 is as follows: ·

"3. If you answer question No. 1 in the affirmative, then state whether plaintiff's arm was properly dressed with splints and bandages so as to prevent a redislocation? A. No."

No. 8 is as follows:

"8. Do you find defendants guilty of negligence in failing to render proper care and attention to plaintiff's arm? A. Dr. F. L. Flack, Yes; J. L. Barker, No."

No. 26 was as to Flack's negligence. The answer was:

"A. In that Flack improperly bandaged arm of plaintiff in position that

28—121 Kan.

would make arm more liable to further dislocation after splints and bandages were removed."

Defendant's contention is that the demurrer to the evidence should have been sustained; that the plaintiff predicated his case on the failure of defendant to make an examination and that plaintiff's own testimony refutes that claim. The evidence shows and the jury found that the dislocation had been reduced at the first examination. It is said there is no evidence of an improper diagnosis or of an improper reduction. It appears that the accident occurred on November 7, when he was taken to Flack's office. The second visit to Flack was on November 25, and the next was on March 2, and the fourth visit on March 14.

It is first contended that the demurrer to plaintiff's evidence should have been sustained on the ground that the negligence alleged was not shown, that the evidence did not justify the submission of the case to the jury or form a basis upon which a verdict for plaintiff could stand. The negligence alleged was that a thorough and proper examination of the injury was not made by the defendant, that he did not ascertain the nature and extent of the injuries and used no means to diagnose the injuries, did not properly reduce the dislocation, but negligently diagnosed and treated the injury as a fracture below the elbow and a dislocation of the elbow joint; that he negligently bound up the dislocated elbow with splints without placing the bones in the proper position so that the arm became permanently impaired and crippled; and further, that he failed and refused to take an X-ray picture of the arm, declaring that it was unnecessary and that the arm was all right. It appears the diagnosis that there was fracture of the bone was incorrect, but no recovery can be or is built on that error. As to the reduction of the dislocation, the evidence tends to show that it was reduced at the first treatment, but it was also shown that the arm was not bandaged in such a way as to prevent a redislocation. Plaintiff contends that this phase of the case was not properly pleaded and that the evidence pertaining to it should be disregarded. While that charge was not definitely stated in the petition, there was an averment that it was improperly bandaged and the matter of improper bandaging and treatment was alleged. Evidence on that feature of the case was received without objection and testimony was given as to the proper method of bandaging a dislocated joint in order to hold it in place, and the question was tried out as fully as if the pleading had definitely covered the subject. Having been submitted to the jury as

an issue in the case on the basis of the testimony so taken, the pleading may be treated as amended in that respect. Although there is some conflict in the evidence as to the proper method of bandaging and treating a dislocation, there was testimony of physicians that the method employed by the defendant in bandaging the arm and binding it to his body was not proper or such as ordinary care required. The evidence also showed a lack of ordinary care after the first treatment. When defendant's attention was called to the condition of the arm, that it cracked when moved, and that a bone was sticking up, he still insisted it was all right and doing as well as could be expected. Upon the suggestions to defendant that an X-ray picture of the arm should be made, he advised that it was not necessary. We think the evidence is sufficient to show that he failed to exercise that reasonable care and skill which the law requires of one of his profession, and that the bad condition in which the arm was left was the result of his negligence. No error is seen in the overruling of the demurrer to plaintiff's evidence.

There is a contention that finding No. 3, to the effect that defendant did not properly dress the arm with splints and bandages so as to prevent a redislocation, should have been set aside. The contention is based upon the ground already considered that the matter of redislocation was not sufficiently pleaded. That matter having been treated as an issue in the case, fully tried out, and having been submitted to and determined by the jury, is not open to the objection that is made. A like motion was made in respect to finding No. 8, which found that the defendant Flack failed to render proper care and attention to plaintiff's arm. The motion was denied. It is urged that the question was an improper one in that it amounted to a conclusion rather than a finding of fact. It is a broad and comprehensive finding, but so far as the record shows no objection was made to the form of the question, and if there was an objection made and overruled the matter was not presented to the court on a motion for a new trial. All rulings which might be grounds for a new trial which are not presented to the trial court on a motion for a new trial are deemed to be waived. It is plain that no error was committed in denying the motion to set aside the finding. Some other of the questions discussed in the case are open to the same objection.

An argument is made that the special findings are inconsistent with the general verdict and that defendant's motion to render judgment in his favor upon the findings should have been allowed.

While the jury found that the dislocation was reduced, and also that defendant had employed certain approved tests and manipulations of the arm to determine the nature of the injury and believed that he had obtained the ordinary motion of a joint after a dislocation had been reduced, they expressly found that the arm was not properly dressed with splints and bandages to prevent redislocation, and also found that defendant improperly bandaged the arm in a position which would make the arm more liable to further dislocation after the splints and bandages were removed.

It cannot be held that the special findings are inconsistent with the general verdict or that defendant was entitled to judgment on the findings.

The judgment is affirmed.